IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERENCE STEWART<br>(Dallas Cty. Jail Bookin No. 16061267),<br><br>Plaintiff,<br><br>V.<br><br>LUPE VALDEZ, Dallas County Sheriff,<br>and FREDERICK CERISE, Parkland<br>Health and Hospital System CEO,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:17-cv-370-G-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This *pro se* action has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(g) unless Plaintiff Terence Stewart pays the full filing fee of $400.00 within the time for filing objections to this recommendation or by some other deadline established by the Court.

**Applicable Background**

On December 28, 2016, a Dallas County grand jury indicted Stewart for assault of a public servant, based on his alleged striking of a Parkland Hospital emergency room nurse on July 14, 2016. *See State v. Stewart*, F16-44807 (195th Dist. Ct., Dallas

Cty., Tex.). Through this action, Stewart, an inmate at the Dallas County Jail, who claims to have Parkinson's Disease, seeks monetary damages for the Jail's alleged failure to provide Stewart "the medical services [he] need[s] to treat [his] health problems in a timely manner and on a regular basis." Dkt. No. 3.

Stewart has moved for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 4.

As Stewart provides in his complaint, he has one other case now pending in this Court, *see Stewart v. Cheatle*, No 3:16-cv-3429-G-BF (N.D. Tex.), and the Court just dismissed another case filed by Stewart after his most recent incarceration, *see Stewart v. Collins*, No 3:17-cv-69-G-BN, 2017 WL 436470 (N.D. Tex. Jan. 10, 2017), *rec. accepted*, 2017 WL 430073 (N.D. Tex. Jan. 31, 2017). But these recent filings by Stewart – who is also known as "Terence Alex Stewart," *see* Dkt. No. 3 at 4, among other aliases – are merely representative of the multiple civil rights actions that Stewart, while incarcerated, has filed in this Court and that have been dismissed as frivolous or malicious or because Stewart failed to state a claim. *See, e.g.*, *Stewart v. Dickey*, No. 3:09-cv-383-B, 2009 WL 1956454 (N.D. Tex. July 6, 2009) (dismissing claims against the Dallas County Commissioners as frivolous); *Stewart v. Valdes*, No. 3:09-cv-516-O, 2009 WL 2356429 (N.D. Tex. July 29, 2009) (dismissing claims against the Dallas County Sheriff and an officer as frivolous); *Stewart v. Valdez*, No. 3:09-cv-2404-L, 2010 WL 2293151 (N.D. Tex. May 18, 2010), *rec. accepted*, 2010 WL 2307357 (N.D. Tex. June 4, 2010) (dismissing claims against the Dallas County Sheriff and

officers as frivolous); *Stewart v. Creuzot*, No. 3:09-cv-2142-M, 2010 WL 307433 (N.D. Tex. Jan. 26, 2010) (dismissing claims against a state judge, his court coordinator, and the Dallas County District Attorney on the basis of immunity).

## Legal Standards and Analysis

A prisoner may not proceed IFP if, while incarcerated or detained in any facility, he or she has filed three or more civil actions or appeals in federal court that were dismissed as frivolous or malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g).

The only exception to 28 U.S.C. § 1915(g)'s "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." *Id.* But, in order to meet the "imminent danger" requirement of Section 1915(g), "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)).

"Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.*; *see also McGrew v. La. State Penitentiary Mental Health Dep't*, 459 F. App'x 370, 370 (5th Cir. 2012) (per curiam) ("The determination whether a prisoner is under 'imminent danger' must be made at the time the prisoner seeks to file his suit in district court, when he files his notice of appeal, or when he moves for IFP status." (citing *Baños v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998))).

"Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Valdez*, 2008 WL 4710808, at *1. "'General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).'" *Id.* (quoting *Niebla v. Walton Corr. Inst.,* No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)); *see Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003) (a "general assertion is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury"); *see also Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *2 (N.D. Tex. Dec. 17, 2013) (citing *Emmett v. Julye*, No. H-13-2693, 2013 WL 5537251, at *2 (S.D. Tex. Oct. 4, 2013) (in turn citing *Pettus v. Morgenthau*, 554 F.3d 293, 297-98 (2d Cir. 2009) ("the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)"))), *aff'd*, 571 F. App'x 352, 354 (5th Cir. 2014) (per curiam).

Stewart's current filing undoubtedly falls under the three-strikes provision. As such, under Section 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. But the complaint lacks factual allegations to show that Stewart is in imminent danger of serious physical injury as to overcome Section 1915(g).

For example, Stewart complains that there have been delays in administering certain medications or that he has not received a specific medication. *See* Dkt. No. 3. But the United States Court of Appeals for the Fifth Circuit has held that even an inmate's allegations that, because jail officials refused to provide adequate medical care, he suffered seizures and nervous attacks are "insufficient to meet the threshold requirement of imminent danger of physical injury." *Edmond v. Tex. Dep't of Corrs.*, 161 F.3d 8 (table), 1998 WL 723877, at *3 (5th Cir. Oct. 7, 1998) (per curiam); *see also Arvie v. Tanner*, Civ. A. No. 12-1638, 2012 WL 3597127, at *2 (E.D. La. Aug. 21, 2012) ("Citing various cases from courts outside the Fifth Circuit, Plaintiff contends that his allegations regarding Defendants' refusal to provide him appropriate medications, a specialized diet, and other accommodations in order to ameliorate and/or treat his Hepatitis C and diabetes are sufficient to show imminent danger of serious physical injury. However, none of the authority upon which Plaintiff relies is binding upon this Court, and the cases from sister courts within this circuit appear contrary to his position." (collecting cases)).

Stewart should therefore be barred from proceeding *in forma pauperis*. *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).

**Recommendation**

The Court should summarily dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(g) unless Stewart pays the full filing fee of $400.00 within the time for filing objections to this recommendation or by some other deadline established by

the Court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 10, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE